**G. WARREN BLEEKER, CA Bar No. 210834**
WBleeker@lrrc.com
**BABER KHAN, CA Bar No. 295846**
BKhan@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, California 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Plaintiff,
U.S. Merchants Financial Group, Inc.,
a California corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. MERCHANTS FINANCIAL GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLEVERMADE, LLC dba CleverMade USA, a California Limited Liability Company,<br><br>Defendant. | Case No. 2:16-cv-00888<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF:**<br><br>**(1) NO PROTECTABLE TRADE DRESS**<br>**(2) NON-INFRINGEMENT OF TRADE DRESS**<br>**(3) NON-INFRINGEMENT OF TRADEMARK**<br>**(4) NON-VIOLATION OF UNFAIR COMPETITION LAWS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff U.S. Merchants Financial Group, Inc. ("U.S. Merchants" or "Plaintiff"), by and through its undersigned counsel, Lewis Roca Rothgerber Christie LLP, for its Complaint for Declaratory Judgment against Defendant CleverMade USA dba CleverMade USA ("Defendant"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for a declaration of rights under the Trademark Act

-1-

of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. Specifically, U.S. Merchants seeks a declaration from this Court that Defendant holds no protectable trade dress rights related to its CleverMade product, and that U.S. Merchants' sale and offer for sale of its InstaCrate-branded multi-purpose plastic storage bins, including the name, logo, color, size, design, package, display and other features, as specified below, does not infringe, dilute or otherwise violate the alleged trade dress or trademark rights of Defendant, or any other related rights under federal or state law, and does not constitute unfair competition.

## JURISDICTION AND VENUE

2. Jurisdiction is proper in this Court because this litigation arises under federal law, namely 15 U.S.C. § 1051 *et seq.* (Lanham Act). The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

3. This Court has personal jurisdiction over Defendant as Defendant's principal place of business is in California and Defendant conducts business in California, among other things.

4. Venue in this district is proper. U.S. Merchants resides in this District and a substantial part of the events giving rise to U.S. Merchants' claims occurred in this district.

5. A case and actual controversy within this Court's jurisdiction exists between the parties concerning their respective products and trademarks, and related rights. Defendant has asserted that U.S. Merchants' "InstaCrate by Greenmade" product design, packaging design and display design and appearance constitutes trade dress infringement, asserted that U.S. Merchants' use of the term InstaCrate by Greenmade and associated logo constitutes trademark infringement, and asserted that U.S. Merchants is violating unfair competition laws, including § 17200 *et seq.* of the California Business and Professions Code. These statements

have caused injury to U.S. Merchants and threaten further injury in the future.

6. This Court is authorized to declare the rights of the parties in this case pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

## PARTIES

7. Plaintiff U.S. Merchants Financial Group, Inc. is a California corporation having a principal place of business at 8737 Wilshire Boulevard, Beverly Hills, California 90211.

8. Plaintiff alleges, upon information and belief, that Defendant CleverMade, LLC dba CleverMade USA is a California Limited Liability Company with a principal place of business at 6102 Innovation Way, Carlsbad, California 92009.

## FACTUAL BACKGROUND

9. U.S. Merchants is a leading service provider in the packaging industry. U.S. Merchants designs, manufacturers, and sells multi-purpose plastic storage bins. U.S. Merchants has long-established relationships with major retailers, including Costco.

10. U.S. Merchants is the maker of "InstaCrate by GreenMade" ("InstaCrate"). U.S. Merchants' InstaCrate is a collapsible storage bin that is sold to consumers.

11. Defendant is the maker of Clever Crate, a collapsible storage crate.

12. On January 19, 2016, U.S. Merchants received a cease and desist letter from Defendant's counsel alleging that the design and appearance of U.S. Merchants' InstaCrate, including its packaging and product display, infringes Defendant's Clever Crate Product's trade dress, and that the use of the InstaCrate Mark infringes on Defendant's trademark rights in the words Clever Crates and the associated logo, as well as the term CleverMade. A copy of this letter is attached as Exhibit 1 and incorporated by reference.

13. Defendant asserts that it first started selling its Clever Crate product approximately one year ago. Clever Crate asserts that, in that short time, it has somehow acquired unregistered trade dress rights in product design and packaging.

14. Defendant asserts that U.S. Merchants has engaged in "intentional infringement" and is currently violating "at a minimum" Sections 43(a) and (c) of the Lanham Act, 15 U.S.C. § 1125, and also claims infringement of "state trademark and unfair competition laws, including § 17200 of the California Business and Professions Code."

15. Defendant demands that "US Merchants immediately cease and desist all use of any trademarks, trade dress or deceptive business practices" and that US Merchants "notify all resellers, distributors, advertisers, or promoters that they must discontinue unlawful use of the infringing trade dress immediately."

16. Defendant also reserves its rights to seek "severe penalties" against US Merchants including "injunctive relief, lost profits, disgorgement of US Merchants' profits, treble damages, punitive damages, and attorneys' fees and costs."

17. Defendant also demands that US Merchants "preserve all documents and other tangible materials that relate to the allegations contained in this letter."

18. U.S. Merchants contends that its sale of its InstaCrate is entirely lawful, does not violate any purported claimed rights of Defendant, and that Defendant is not entitled to any relief from U.S. Merchants.

19. U.S. Merchants contends that Defendant has no protectable trade dress.

20. Defendant cannot meet its burden of proving the matter sought to be protected is not functional.

21. Defendant cannot meet its burden of proving that as to the claimed product design, there is secondary meaning attached to any non-functional

-4-

protectable aspects.

22. Defendant cannot prove that the claimed aspects of its product packaging or displays are non-functional, are inherently distinctive or have acquired secondary meaning.

23. Defendant's product design appears to be claimed in a pre-existing patent which further suggests the product design is functional.

24. U.S. Merchants further contends that Defendant's claim to trade dress in a color fails.

25. Colors are not inherently distinctive.

26. Defendant cannot meet its burden of proof that its use of crate colors have acquired secondary meaning, especially considering the short time the products have been on the market.

27. Defendant's attempt to monopolize certain colors of storage containers are anticompetitive.

28. U.S. Merchants further contends that its sale of InstaCrate is not likely to confuse consumers and that U.S. Merchants is not liable in any way for its sale and offer for sale of its InstaCrate.

29. U.S. Merchants asserts that, under all the circumstances, there is a substantial controversy between the parties, and sufficient immediacy to warrant the issuance of a declaratory judgment. These circumstances include that:

    a. Defendant is now accusing U.S. Merchants of willful trade dress and trademark infringement;

    b. Defendant claims that the InstaCrate product is a "knock-off" that is currently "causing confusion in the market;"

    c. Defendant asserts that U.S. Merchants is "intentional[ly] attempting "to confuse consumers into believing that InstaCrate and Clever Crates are the same product and thereby trade off of Clever Crates' goodwill;"

       d. Defendant asserts that U.S. Merchants' sale and offer for sale of InstaCrate constitutes "unlawful and misleading use of [Defendant's] trade dress elements;"

       e. Defendant asserts that U.S. Merchants' use of the term "InstaCrate" and/or the graphic logo of a three-dimensional box figure constitutes trademark infringement;

       f. Defendant demands that U.S. Merchants "immediately cease" all sales and offers for sale of the InstaCrate; and

       g. Defendant has made pre-litigation preservation demands.

30. Moreover, under all the circumstances, as outlined above, U.S. Merchants has a real and reasonable apprehension that it will be subject to suit if it does not immediately cease the sale and offer for sale of its InstaCrate.

31. Thus, a cloud has now been placed over U.S. Merchants' continued sale and offer for sale of its InstaCrate product and the continued use of its InstaCrate mark.

32. It is therefore appropriate for the Court to exercise its discretion under the Declaratory Judgment Act and declare that the sale and offer for sale of U.S. Merchants' InstaCrate does not infringe any of Defendant's asserted rights.

## COUNT I
### (Declaration of No Protectable Trade Dress)

33. U.S. Merchants incorporates by reference the allegations contained in paragraphs 1 through 32 of this Complaint.

34. An actual, present and justiciable controversy exists between U.S. Merchants and Defendant. Defendant asserts it has common law trade dress rights regarding its Clever Crate, including product design, packaging, and product displays, and that U.S. Merchants' sale and offer for sale of its InstaCrate intentionally infringes on its claimed rights.

35. U.S. Merchants contends that Defendant has no protectable trade

-6-

dress rights in the design or appearance of its Clever Crate product, including product design, packaging and product displays, that the claimed design is functional, and that it has not inherently distinctiveness nor has it acquired secondary meaning.

36. Moreover, Defendant has no legal right to enforce any claimed trade dress rights under § 43 of the Lanham Act, 15 U.S.C. Section 1125, or any rules, common laws, regulations or laws pertaining thereto.

37. A substantial and existing controversy now exists between U.S. Merchants and Defendant and is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment and is necessary and appropriate in order to resolve this controversy.

38. U.S. Merchants requests a declaration that Defendant has no protectable trade dress rights under federal, state, or common law.

39. Thus, an actual, present and justiciable controversy exists between U.S. Merchants and Defendant. The substantial controversy between U.S. Merchants and Defendant is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. The accusations of trade dress infringement have caused and will continue to cause injury to U.S. Merchants, including harm to its business goodwill, and will interfere with the ability of U.S. Merchants to sell its products and conduct its business.

## COUNT II
### (Declaration of Non-Infringement of Trade Dress)

40. U.S. Merchants incorporates by reference the allegations contained in paragraphs 1 through 39 of this Complaint.

41. An actual, present and justiciable controversy exists between U.S. Merchants and Defendant. Defendant asserts that U.S. Merchants is currently

infringing Defendant's claimed common law trade dress rights regarding its Clever Crate, including product design, packaging, and product displays.

42. U.S. Merchants contends that Defendant has no protectable trade dress rights in the design or appearance of its Clever Crate product, including product design, packaging and product displays, and that U.S. Merchants' sale and offer for sale of the InstaCrate does not infringe any claimed rights of Defendant.

43. A substantial and existing controversy now exists between U.S. Merchants and Defendant and is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement and is necessary and appropriate in order to resolve this controversy.

44. Thus, an actual, present and justiciable controversy exists between U.S. Merchants and Defendant. The substantial controversy between U.S. Merchants and Defendant is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. The accusations of infringement have caused and will continue to cause injury to U.S. Merchants, including harm to its business goodwill, and will interfere with the ability of U.S. Merchants to sell its products and conduct its business.

## COUNT III
### (Declaration of Non-Infringement of Trademark)

45. U.S. Merchants incorporates by reference the allegations contained in paragraphs 1 through 44 of this Complaint.

46. Defendant now asserts that U.S. Merchants' use of the term "InstaCrate" and/or the graphic logo of a three-dimensional box figure constitutes trademark infringement.

47. U.S. Merchants contends that its use of InstaCrate and its graphic logo does not infringe on any purported trademark rights asserted by Defendant.

48. Thus, an actual, present and justiciable controversy exists between

U.S. Merchants and Defendant. The substantial controversy between U.S. Merchants and Defendant is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. The action and assertions made by Defendant that U.S. Merchants has violated §43 of the Lanham Act has caused and will continue to cause injury to U.S. Merchants. Defendants' assertions of infringement and other threats as outlined above will irreparably harm U.S. Merchants, including harm to its business goodwill, and will interfere with the ability of U.S. Merchants to sell its products and conduct its business.

49. A declaration of non-infringement of Defendant's Clever Crate and/or CleverMade marks is necessary and appropriate in order to resolve this controversy.

## COUNT IV

**(Declaration of Non-Violation of Unfair Competition Laws)**

50. U.S. Merchants incorporates by reference the allegations contained in paragraphs 1 through 49 of this Complaint.

51. Defendant now asserts that U.S. Merchants' sale and offer for sale of its InstaCrate Product constitutes unfair competition in violation of California's Business & Professions Code § 17200 *et seq.,* and common law unfair competition laws.

52. U.S. Merchants' contends that its actions do not constitute unfair competition.

53. Thus, an actual, present and justiciable controversy exists between U.S. Merchants and Defendant. The substantial controversy between U.S. Merchants and Defendant is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. The accusations of unfair competition has caused and will continue to cause injury to U.S. Merchants, including harm to its business goodwill, and will interfere with the ability of U.S. Merchants to sell its products and conduct its business.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff U.S. Merchants requests entry of judgment in its favor and grant the following relief against Defendant as follows:

1. That the Court enter judgment that Defendant has no protectable trade dress rights regarding its Clever Crate, including no protectable trade dress rights in product design, product packaging, product displays, or in any other aspect of the Clever Crate product, that the claimed designs are functional, and are not inherently distinctiveness and have not attained any secondary meaning.

2. That the Court enter judgment declaring that the sale and offer for sale of U.S. Merchants' InstaCrate, including any related product design, product packaging and product displays, does not infringe any rights owned by Defendant under §§ 43(a) and (c) of the Lanham Act, 15 U.S.C. § 1125(a), (c), or constitute unfair competition with, or trade infringement under the Lanham Act, or the common law of Defendant's trademark rights.

3. For all of U.S. Merchants' costs of this Action, including reasonable attorneys' fees; and

4. For such other and further relief as this Court may deem just and proper.

DATED: February 9, 2016

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By _____
G. Warren Bleeker

Attorneys for Plaintiff,
U.S. Merchants Financial Group, Inc.

# DEMAND FOR JURY TRIAL

Plaintiff, U.S. Merchants Financial Group, Inc., pursuant to Federal Rule of Civil Procedure 38, hereby demands a trial by jury of all issues so triable.

DATED: February 9, 2016

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By _____
G. Warren Bleeker

Attorneys for Plaintiff,
U.S. Merchants Financial Group, Inc.

AKS PAS1400228.3-*-02/8/16 3:54 PM

-11-